DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
Minnie Loo, Trial Attorney (106613)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-3484
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

Attorneys for Acting United States Trustee
SARA L. KISTLER

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

**PIONEER 74 LOTS, LLC.,**

        Debtor.

No. 09-32305 TC

Chapter 11

Date: 29 January 2010
Time: 9:30 a.m.
Courtroom: 23

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ACTING UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE

Sara L. Kistler, Acting United States Trustee (UST), respectfully moves the Court for an order converting the above-captioned case to chapter 7 for cause under 11 U.S.C. § 1112(b), on the following grounds:

- In an order entered 4 November 2009, creditor Buckley Real Estate, Inc. obtained relief from the automatic stay to foreclose on Debtor's property at 2550 State Hwy 88, Pioneer, California; and

- After hearing on 4 January 2010, creditor JP Morgan Chase Bank. obtained relief from the automatic stay to foreclose on Debtor's property at 939 Lombard St, San Francisco, indicating continuing loss of value and no reasonable likelihood of rehabilitation, which is cause to convert this case as set forth in 11 U.S.C. § 1112(b)(4)(A); and

- Debtor failed to file any monthly operating reports since the commencement of this case in August 2009, and is thus delinquent on such reports for the months of August, September, October and November 2009, which is cause to convert this case as set forth in 11 U.S.C. § 1112(b)(4)(F).

## FACTS

1.     Debtor filed a voluntary petition for chapter 11 relief on 12 August 2009.

2.     Debtor primary assets are its interests in four real properties and two notes secured

MEMO. P&A IN SUPPORT OF MOTION TO CONVERT CASE: 09-32305     1

by deeds of trusts in real properties. Debtor's amended Schedule A filed 13 October 2009 indicates the value of Debtor's interest in property to be $3,962,000 as follows:

| | | |
|---|---|---|
| 939 Lombard St, San Francisco, CA | valued at | $1,500,000 |
| 818-820 Green St, San Francisco, CA | valued at | $1,500,000 |
| One Mandalay Plc, Unit 1011, SSF, CA | valued at | $400,000 |
| 2550 State Hwy 88, Pioneer, CA | valued at | $500,000 |
| Note secured by deed of trust on 801 Kearny St, San Francisco, CA[1] | valued at | $31,000 |
| Note secured by deed of trust on 949 - 953 Lombard St, San Francisco[2] | valued at | $31,000 |

3. Debtor scheduled approximately $2,000 in personal property and total liabilities of approximately $9 million, all of which are secured claims.

4. Debtor failed to file operating reports for August, September, October and November of 2009. *See* Paralegal Decl. ¶ 2.

5. To date, Debtor has not filed a plan of reorganization or disclosure statement.

6. Two secured creditors have obtained relief from the automatic stay with respect to Debtor's real properties located at:

2550 State Hwy 88, Pioneer, CA    *See* Docket # 54, *Order on Motion for Relief from Stay* entered 4 November 2009

and

939 Lombard St, San Francisco, CA    *See* Court minutes of the hearing on 4 January 2010 on creditor JP Morgan Chase's motion for relief from stay: "Motion granted. The 14 day stay is not waived. Debtor may reimpose the stay by motion. Order to follows."

7. The UST contends that the foregoing facts support immediate conversion of this case to chapter 7 for cause, including under 11 U.S.C. § 1112(b)(4)(A), (F) and (K)

---

[1] Debtor's principal, Martin Eng, effectuated the commencement of the chapter 11 case of *Kearny Washington, LLC* on 3 August 09. 801-809 Kearny Street, San Francisco, is the principal asset of that estate.

[2] Debtor's principal, Martin Eng, effectuated the commencement of the chapter 11 case of *Lombard Flats, LLC* on 3 August 09. 949-953 Lombard Street, San Francisco, is the principal asset of that estate.

MEMO. P&A IN SUPPORT OF MOTION TO CONVERT CASE: 09-32305    2

# ARGUMENT

**A. Cause Exists to Convert This Case Under 11 U.S.C. § 1112(b).**

Section 1112(b)(1) provides that, "after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate, the court shall convert a [chapter 11 case] to a case under chapter 7 or dismiss a [chapter 11 case], whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1).

"Cause" for dismissal or conversion "includes", *inter alia*, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" (11 U.S.C. § 1112(b)(4)(A)); "unexcused failure to satisfy timely any filing or reporting requirement . . ." (11 U.S.C. § 1112(b)(4)(F)); and "failure to pay any fees or charges required under chapter 123 of title 28" (11 U.S.C. § 1112(b)(4)(K)).

The factors specified in section 1112(b)(4) are not exhaustive, and the bankruptcy court has wide discretion to determine if cause exists to convert or dismiss a chapter 11 case. 11 U.S.C. § 102(3) ("includes" and "including" are not limiting); See generally, In re Johnston, 149 B.R. 158 (9th Cir. B.A.P. 1992); see also In re State Street Assoc., L.P., 348 B.R. 627, 639 n.24 (Bankr. N.D.N.Y. 2006) ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not.") (internal citation omitted).

**1. 11 U.S.C. § 1112(b)(4)(A)**

Debtor's primary assets are its interest in four real properties and in two notes secured by deeds of trust against real properties. *See* Amended Schedule A. Debtor valued its real property interests at $3.962 million and personal property at $2,000 against $9 million in liabilities (all secured debt). *See* Amended Schedules A, B and D. Two secured creditors have obtained relief from stay to foreclose against certain real properties. Docket # 54 and Courtroom minutes of hearing on 4 January 2010. Debtor valued these two properties to total $2 million. Accordingly, the estate's interest in real property has dropped by more than half. To date, Debtor has failed to file a plan of reorganization and disclosure statement. It thus appears that this estate is suffering

a continuing loss without a reasonable likelihood of rehabilitation through chapter 11, which is cause to convert or dismiss this case under section 1112(b)(4)(A) of the Bankruptcy Code.

**2.    11 U.S.C. § 1112(b)(4)(F)**

Debtor failed to file any monthly operating reports since commencement of this case. Accordingly, Debtor is delinquent on its reports for August, September, October and November of 2009. Debtor's failure to file monthly operating reports is additional cause to convert or dismiss this case under section 1112(b)(4)(F) of the Bankruptcy Code.

**B. Movant Has Made the Requisite Showing; No Known 'Unusual Circumstances' Exist.**

The UST submits that the foregoing establish cause to dismiss or convert this case for cause under section 1112(b) of the Bankruptcy Code. Debtor valued his real property and other assets at approximately $4 million against approximately $9 million in liabilities. Relief from stay was granted to creditors to proceed with foreclosure two of Debtor's real properties that Debtor valued totalling $2 million. Debtor has to date not filed a plan and disclosure statement. Accordingly, there is no reason for the case to remain in chapter 11. The UST is unaware of any "unusual circumstances" to support having this case remain in chapter 11.

## CONCLUSION

For the foregoing reasons, the UST requests that this Court enter an order under 11 U.S.C. § 1112(b) converting this case to one under chapter 7, and granting such further relief as the Court deems appropriate under the circumstances.

Dated: 7 January 2009                              Respectfully submitted,

Sara L. Kistler,
Acting United States Trustee

By:   Minnie Loo
      Minnie Loo
      Attorney for the U.S. Trustee

MEMO. P&A IN SUPPORT OF MOTION TO CONVERT CASE: 09-32305                              4